*512 OPINION.
Van Fossan;
At the hearing the petitioner withdrew its assignment of error relating to the valuation of the inventory, leaving *513 for our determination only the value of certain fixed assets and water-power rights paid in to the new firm. The particular asset items in controversy are the buildings and land, the machinery and tools, and the water-power rights acquired by the petitioner at the time of its organization on June 1, 1916. The petitioner claims a total value of $191,903.56, as at June 1, 1916, for the property paid in to the partnership. The respondent allows $120,771.67. The increased value is claimed on the items above listed.
The only evidence offered by the petitioner in support of the increased value is a retrospective appraisal made in 1925 by an appraisal company upon data supplied by the petitioner. The value of machinery, tools, and buildings thus determined by the appraisal company is based upon the cost of reproduction at date of valuation less estimated depreciation. This Board, in a number of cases, has held that a retrospective appraisal of property is not a sound or reliable basis of valuation. (See Rockford Malleable Iron Works, 2 B. T. A. 817; Tibby-Brawner Glass Co., 2 B. T. A. 918; and Hart Cotton Mills, 2 B. T. A. 978.)
A similar observation applies to the appraisal of the water rights. The value determined for the water-power rights is computed by capitalizing at 10 per cent the estimated savings from the use of water power instead of steam power. No actual measurement of the flow of the water, the height of the fall or the efficiency of the wheel was taken, nor was any consideration given to sales of riparian rights or any other pertinent data. The' basis employed is entirely inadequate to establish value for invested capital purposes. (See Georgia Manufacturing Co., 5 B. T. A. 893.)
In general support of his contention for an increased value, petitioner submitted proof of a sale in July or August, 1919, of a one-third interest in the partnership for $45,000. Under the circumstances of this case, we believe this sale is entitled to considerable weight and it is our conclusion that the assets in question were reasonably worth $135,000.
Judgment will be entered on 15 days’ notice, under Rule 50.